UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Luis Antonio Guedez Duran (A-Number: A-241-798-778), | No. 2:26-cv-01052-KES-SKO (HC) |
| Petitioner, | |
| v. | ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION |
| Warden, California City Correctional Center; Field Office Director, San Diego Field Office, United States Immigration and Customs Enforcement; Todd M. Lyons, Acting Director, United States Immigration and Customs Enforcement; Kristi Noem, Secretary of Homeland Security; Pamela Jo Bondi, United States Attorney General, | Doc. 2 |
| Respondents. | |

Before the Court is petitioner Luis Antonio Guedez Duran's motion for temporary restraining order. Doc. 2. The Court has previously addressed the legal issues raised by the motion for temporary restraining order. *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

The Court set a briefing schedule on the motion for temporary restraining order and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the motion.

1

Doc. 5. The Court also ordered respondents to state their position on whether the motion should be converted to a motion for preliminary injunction and whether they request a hearing. *Id.* Respondents "submit there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Order." *See* Doc. 6 at 1. While respondents oppose the motion, they do not raise any new arguments. *See id.* at 1–2.[1] They also do not object to converting the motion. *See id.*

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that distinguish it from the Court's prior decisions in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the motion for temporary restraining order is converted to a motion for preliminary injunction and GRANTED, for the reasons stated in those prior orders.

The Court ORDERS that respondents release petitioner Luis Antonio Guedez Duran (A-Number: A-241-798-778) immediately. If the government seeks to re-detain petitioner, it must provide no less than seven (7) days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this, and the government has not established a need to

---

[1] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which concerns the issue of whether § 1226(a) or § 1225(b)(2) applies to individuals who entered the country without inspection, were not apprehended by immigration authorities upon arrival, and are not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. *See* Doc. 6 at 2. Given the nature of the relief sought by petitioner, the Court declines to defer a ruling on petitioner's motion for preliminary relief. The magistrate judge may consider whether to hold further proceedings on the petition in abeyance

impose a security bond.

This matter is referred to the assigned magistrate judge for further proceedings, including the preparation of findings and recommendations on the petition for writ of habeas corpus or other appropriate action.

IT IS SO ORDERED.

Dated:   March 31, 2026

_____
UNITED STATES DISTRICT JUDGE