UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ANTONIO GUEDEZ DURAN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al.,<br><br>Respondents. | No. 2:26-cv-01052-KES-EGC (HC)<br><br>A-Number: 241-798-778<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>Doc. 13 |

Petitioner Luis Antonio Guedez Duran, formerly an immigration detainee, is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention. *See generally* Doc. 1.

Petitioner filed a motion for temporary restraining order. Doc. 2. The Court converted the motion into one for a preliminary injunction, granted the preliminary injunction, and ordered Respondents to release Petitioner immediately. The Court referred the matter to the magistrate judge for further proceedings. Doc. 8. Respondents declined to submit an additional brief prior to adjudication of the petition. Doc. 10.

On May 6, 2026, the assigned magistrate judge issued findings and recommendations that "the petition be granted for the same reasons set forth by the District Court in its order granting a preliminary injunction." Doc. 13 at 2. The magistrate judge also recommended denying the

1

request to hold the case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.).  *Id.*  The same date, Respondents filed objections in which they "stand on their previous briefing."  Doc. 14 at 1.

In accordance with 28 U.S.C. § 636(b)(1), the Court conducted a de novo review.  Having carefully reviewed the entire matter, the Court concludes that the findings and recommendations are supported by the record and proper analysis.  The Court ORDERS:

1.  The findings and recommendations dated May 6, 2026 (Doc. 14) are ADOPTED.

2.  The petition for writ of habeas corpus is GRANTED.

3.  Respondents' request to hold the proceedings in abeyance is DENIED.

4.  If the government seeks to re-detain petitioner Luis Antonio Guedez Duran (A-Number 241-798-778), it SHALL hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which his eligibility for a bond must be considered.[1]

5.  The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:    June 2, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] This Order does not address the circumstances in which Respondents may detain Petitioner in the event she is subject to an executable final order of removal.

2